IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Brenda Taite, pro se                                    Civil Action #.

       Plaintiff

vs.

Bridgewater State University,

Erin DeBobes, Official & Individual Capacity

**PLAINTIFF DEMANDS A JURY TRIAL**

## COMPLAINT

### I.     Introduction

This is a civil action for a failure to hire on the basis of age and race discrimination

against Bridgewater State University.

### II.     Parties

1.  The Plaintiff, Brenda Taite is a United States Citizen and resides at 292 West

    Claiborne Street, Apt 101, Monroeville, Alabama 36460.

2.  Defendant, Bridgewater State University, is a public institution of higher education,

    which is located at 131 Summer Street, Bridgewater, Massachusetts, 03235.

    Bridgewater State University is a public institution, part of the higher education

    system of the Commonwealth of Massachusetts, and the largest of the nine state

    universities. In fiscal year 2012, 11 percent of its revenues—almost $18 million—

came from government grants, including, and on the belief of substantial federal grants.

## Jurisdiction

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332,

## Facts

4. On or about March 30, 2015, the Plaintiff applied for the position of Staff Associate, Equal Opportunity/Title IX Investigator with Bridgewater State University.

5. The qualifications for the position were a Master's degree or Bachelor's degree in a relevant discipline; a minimum of 3 years demonstrated experience in complaint, incident, and/or grievance investigation and resolution; a Juris Doctorate or advanced degree was preferred; experience in a higher education setting was preferred.

6. The Plaintiff does have a Master's of Science degree and a Juris Doctor and has over 7 years of experience investigating complaints and allegations of violations of Title VII, Title IX, Title VI, and etc. The Plaintiff also has over 8 years of experience of working in higher education and with several years having worked in the field of equal employment opportunity.

7. On or about April 7, 2015, the Plaintiff was invited to interview via the telephone with Bridgewater State University. The telephone interview lasted 20 minutes.

8. Several days later, the Plaintiff was invited for a campus interview on May 7, 2015, in which, she was asked to present a writing sample, a 15 minute presentation on national origin discrimination, and a 20—minute mock investigation interview.

9. The Plaintiff did appear and attend the campus interview on May 7, 2015 and was told by Erin DeBobes that she was going to be hearing from her in two weeks.

DeBobes never did contact the Plaintiff regarding the position. Around the middle of

June, the Plaintiff received a letter from the Bridgewater State University Human

Resources Office stating that someone else was selected for the position.

10. There were no African Americans on the search committee.

11. All of the members on the search committee were under the age of 40.

12. All of the search committee members were all Caucasians (white).

13. The Defendants selected Jocelyn Frawley, a white female around the age of 25 with

less experience than the Plaintiff.

14. The Plaintiff timely filed a complaint with the Massachusetts Commission Against

Discrimination in June of 2015.

15. The Plaintiff has exhausted her administrative remedies.

16. On February 1, 2016, the Plaintiff received her right to sue letter from the

Massachusetts Commission Against Discrimination.

<strong><u>Count I</u></strong><br>
<strong>Age Discrimination in Employment Act</strong><br>
<strong>Age Discrimination in Employment Act of 1967 (Pub. L. 90-202) (ADEA)</strong><br>
<strong>ADEA (29 U. S.C. 626e)</strong>

17. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

18. By the aforesaid actions, Defendants have violated the Age Discrimination in

Employment Act of 1967 (Pub. L. 90-202).

19. Plaintiff has been damaged as a proximate result of Defendant's conduct.

## Count II
### Title VII of the Civil Rights Act of 1964
### Race Discrimination
### (42 USC § 2000e, et seq. hereafter Title VII)

20. Plaintiff incorporates by reference Paragraphs 1 through 19 as if fully set forth herein.

21. By the aforesaid actions, Defendants have violated Title VII of the Civil Rights of 1964, which is race discrimination.

22. Defendants are state employees.

23. Through state action they, while not acting in any exempt "official capacity" deprived the Plaintiff of her constitutional right to equal protection of the laws.

24. The defendants did so in an egregious, vindictive, malicious and prejudiced manner, which lacked absolutely no support or justification.

25. Such a system caused the plaintiff to suffer a loss of her constitutional rights to equal protection under the law.

## Count III
### (Violation of 42 U.S.C. § 1981)
### (Erin DeBobes)

26. Plaintiff incorporates the allegations of Paragraphs 1 through 25 as if fully set forth herein.

27. Defendants are state employees

28. Through state action they, while not acting in any exempt "official capacity" deprived the plaintiff of her constitutional right to equal protection of the law and to make and enforce contracts.

## Count IV
### (Violation of Massachusetts Civil Rights Act)

4

29. Plaintiff incorporates the allegations of Paragraphs 1 through 28 as if fully set forth herein.

30. Defendants are state employees.

31. Through state action they, while not acting in any exempt "official capacity,"

deprived the plaintiff of her constitutional right to equal protection under the law.

**Count V**
(Violation of 42 U.S.C. § 1983)
(Erin DeBobes)

32. Plaintiff incorporates the allegations of Paragraphs 1 through 31 as if fully

incorporated set forth herein.

33. Defendants are state employees

34. Through state action they, while not acting in any exempt, "official capacity"

deprived the plaintiff of her constitutional right to equal protection under the law.

**Prayer for Relief**

Plaintiff prays that this Court:

(1) Declare that the employment practices complained of this Complaint are

unlawful;

(2) Order each equitable relief as this court deems appropriate;

(3) Order the Defendants to make Plaintiff whole;

(4) Order that the Defendants pay Plaintiff compensatory damages;

(5) Order the Defendant to pay Plaintiff costs and expenses and reasonable attorney

fees;

**WHEREFORE,** the Plaintiff demands judgment against the defendants for damages

in the amount of $300,000 and such other relief as this Court deems just.

## Jury Trial Demand

Plaintiff demands a trial by jury.

Brenda Taite, Plaintiff pro se

February 3, 2016

Brenda Taite

292 West Claiborne Street, Apt 101

Monroeville, Alabama 36460

Telephone (251) 362- 8276

February 3, 2016