```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

BRENDA TAITE,                    )
                                 )
          Plaintiff,             )
                                 )     C.A. No. 16-10221-PBS
     v.                          )
                                 ) First Circuit Case No. 18-1229
BRIDGEWATER STATE UNIVERSITY,    )
et al.,                          )
                                 )
          Defendants.            )
```

**ORDER**

**April 24, 2018**

Saris, C.J.

Pro se plaintiff Brenda Taite has filed a motion for transcripts to be prepared at government expense (#86). For the reasons set forth below, the motion is DENIED.

**I.   Background**

In this action, Taite brought a claim against Bridgewater State University ("BSU") for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Taite, who is African-American, had applied and interviewed for the position of Equal Opportunity/Title IX Investigator. Taite was one of the finalist candidates for the position, but BSU ultimately offered the position to a Caucasion female.

BSU moved for summary judgment.  Magistrate Judge Cabell issued a report and recommendation (#69) that the motion be granted, concluding that BSU had articulated a legitimate and non-discriminatory reason for its hiring decision and that Taite had not demonstrated that a factfinder could reasonably conclude that BSU's proffered reason was pretextual.  After considering Taite's objections, the Court adopted the recommendation and allowed the defendants' motion for summary judgment (#74) and judgment was entered for the defendants (#76).

Taite timely filed a notice appealing the order of judgement for the defendants (#79).  She filed a motion to appeal in forma pauperis, which motion the Court allowed (#81).  Taite also filed a motion for the preparation of transcripts at government expense (#86).  In this motion, she seeks transcripts for proceedings held on May 25, 2016, March 15, 2017, March 21, 2017, and June 20, 2017.

## II. Discussion

This matter is governed by 28 U.S.C. § 753 (Federal Court Reporters Act) and 28 U.S.C. § 1915 (in forma pauperis statute).  The Court Reporters Act provides that fees for transcripts in non-habeas civil cases shall be paid by the United States if the litigant is allowed to appeal in forma pauperis and "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."  28 U.S.C.

§ 753(f). The in forma pauperis statute provides that "the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court . . . ." 28 U.S.C. § 1915)(emphasis added).

For the sole purpose of this order, the Court will assume, without certifying, that the appeal is non-frivolous and presents a substantial question. Notwithstanding, the Court denies the motion because the resolution of Taite's appeal does not require examination of the content of the hearings of which she seeks a transcription. Magistrate Judge Cabell did not hold a hearing on the motion for summary judgment. Rather, Taite seeks a transcription of four hearings that were status or scheduling conferences held before Judge Cabell. The electronic notes for all of these events (#24, #42, #44, #57) do not suggest that the purpose of these purpose of these hearings concerned Judge Cabell's consideration of the merits of the action, and Taite does not offer any reason for which the transcriptions are necessary for her appeal. See Frazier v. Foxworth, 697 Fed. App'x 840, 841 (5th Cir. 2017) (per curiam) (appellant moving for transcription at government expense "must also establish that the transcript is necessary for proper disposition of the appeal"); (McCarthy v. Bronson, 906 F.2d 835, 841 (2d Cir. 1990) (trial court did not err in denying

appellant's request for free copy of a transcript where issue raised on appeal is not frivolous but transcript not necessary to resolution of that issue), aff'd, 500 U.S. 136 (1991); see also United States v. Desouza, Case No. 93-1205, 1993 WL 299394, at *2 (1st Cir. Aug. 5 1993) (not selected for publication) (appellant "would be entitled to a free transcript only if the district court had determined . . . that her section 2255 motion was not frivolous and that the requested transcripts were necessary to decide her motion").

## III. Conclusion

Accordingly, for the reasons stated above, Taite's Motion for transcripts at government expense (#86) is hereby DENIED. The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

SO ORDERED.

    /s/ Patti B. Saris  
    PATTI B. SARIS  
    CHIEF, U.S. DISTRICT JUDGE