**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| BRENDA K. TAITE, | : |
| Plaintiff, | : |
| v. | : |
|  | : Docket No. 1:16-cv-10221-PBS |
| BRIDGEWATER STATE UNIVERSITY, BOARD OF TRUSTEES; BRIDGEWATER STATE UNIVERSITY OFFICE OF EQUAL OPPORTUNITY, Defendants | : |

**<u>Plaintiff's Opposition to BSU's Motion in Limine to Limit the Parties' Time for Conducting Examinations of Witnesses During Trial</u>**

I.   **INTRODUCTION**

Defendant Bridgewater State University, Board of Trustees and Bridgewater State University, Office of Equal Opportunity (collectively, "BSU" or "Defendants") has moved in limine to limit the parties' time for conducting examinations of witnesses during trial. See Dkt. 125.

BSU's motion to limit the parties' time for conducting examinations is nothing more than an unabashed attempt to limit the evidence the Plaintiff can present in her case in chief and must be denied. BSU's motion is a continuation of its attempt to place rigid limits on the ability of the Plaintiff to present evidence. Indeed, while its motion attempts to discredit the Plaintiff's witness list because she has not deposed all of her potential witnesses—BSU fails to mention that they opposed the Plaintiff's motion to depose just three witnesses. See Dkt. 99.

1

As the Plaintiff has made clear in the Joint Pretrial Memorandum there is no basis for BSU's representation that the trial will require more than five days to complete. See Dkt. 127.

II.     ARGUMENT

The First Circuit has agreed with numerous other Circuits that "disapproved of strict adherence to rigid time limits set in advance of trial." Borges v. Our Lady of the Sea Corp., 935 F.2d 436, 443 (1st Cir. 1991); See also Flaminio v. Honda Motor Co., 733 F.2d 463, 473 (7th Cir. 1984) ("we disapprove of the practice of placing rigid hour limits on a trial. The effect is to engender an unhealthy preoccupation with the clock"); Johnson v. Ashby, 808 F.2d 676, 678 (8th Cir. 1987) ("disapproving rigid hour limits such as those initially suggested here."); Amarel v. Connell, 102 F.3d 1494, 1513 (9th Cir. 1996), as amended (Jan. 15, 1997) ("Rigid and inflexible hour limits on trials, however, are generally disfavored.").

Indeed, while BSU cites to Borges in support of this Court setting rigid time limits in advance of trial, the First Circuit specifically stated that that was not the issue before them. Borges v. Our Lady of the Sea Corp., 935 F.2d at 443 ("strict adherence to rigid time limits set in advance of trial … is not the situation before us.") The First Circuit in Borges upheld the striking of testimony of a witness who the defense had called with the assistance of an interpreter, but on the second day of testimony the defense was unable to present an interpreter to conclude the witness's testimony.

Further, BSU's citation to United States v. Gonzalez-Vazquez, is inapposite and demonstrates BSU's true motive—to exclude Plaintiff from presenting a full case in chief. In Gonzalex-Vazquez the First Circuit upheld limiting the cross-examination of a

police officer regarding the corruption of other officer's because the court reasoned the corruption was "immaterial" as the testifying officer had never been accused of corruption. 219 F.3d 37, 44 44 (1st Cir. 2000). The First Circuit in no way placed rigid time limits in advance of trial on the parties to examine witnesses.

### III.     CONCLUSION

As BSU has not cited a single case in the First Circuit that has granted rigid time limits on the examination of witnesses in advance of trial its motion should be denied.

BRENDA TAITE,
By her Attorneys,


/s/ Harold Lichten
Harold Lichten BBO # 549689
Matthew Patton, BBO #703798
Tara Boghosian BBO # 706969
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street
Suite 2000 Boston, MA 02116
Tel.: (617) 994-5800
Fax: (617) 994-5801
Email: hlichten@llrlaw.com,
mpatton@llrlaw.com,
tboghosian@llrlaw.com

Date: January 17, 2022

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by ECF as well as by electronic mail this 17th day of January 2022, upon all counsel of record.

/s/ Harold Lichten
Harold Lichten
