**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

_____
:
BRENDA K. TAITE,                  :
:
          Plaintiff,        :
:
v.                                :
:   Docket No. 1:16-cv-10221-PBS
BRIDGEWATER STATE UNIVERSITY,     :
BOARD OF TRUSTEES;                :
BRIDGEWATER STATE UNIVERSITY      :
OFFICE OF EQUAL OPPORTUNITY,      :
          Defendants        :
_____:

**Plaintiff's Opposition to BSU's Motion to Quash Rule 45 Subpoena and**

**Testimony of Record Keeper**

Defendant Bridgewater State University, Board of Trustees and Bridgewater State University, Office of Equal Opportunity (collectively, "BSU" or "Defendants") has moved to quash the Plaintiff's Rule 45 Subpoena that requests job postings and applications for the position that Jocelyn Frawley was promoted into at BSU. See Dkt. 146. This subpoena stems from the Plaintiff's motion in limine to exclude "any evidence at trial of Jocelyn Frawley's performance in the role of Staff Associate, Equal Opportunity/Title IX Investigator…and evidence of any subsequent role that Ms. Frawley has held at BSU." See Dkt. 131 at 1. BSU opposed the Plaintiff's motion in limine arguing that evidence relating to how Ms. Frawley performed and her success at BSU "is squarely relevant to whether she was qualified for the role." See Dkt. 139 at 2-3.

In the unlikely chance that BSU is allowed to enter evidence of Ms. Frawley's subsequent role at BSU evidence should be admitted to demonstrate how that role was obtained. Ms. Frawley has been promoted while working at BSU and whether the

1

position she was promoted into and who else applied would demonstrate the extent of her performance and success at BSU—as such if the Defense is able to enter evidence of subsequent roles, then evidence of how she obtained those roles should also be entered.

BSU argues that a Rule 45 Subpoena cannot be served on a party, but "[c]ourts are split regarding whether a Rule 45 subpoena may properly be served on a party." In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig., No. MDL 13-2419-FDS, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013) (court declined to quash a subpoena on the grounds that it was served on a party). Further, BSU asserts it would be burdensome to produce the requested documents yet fails to show the manner and extent of the burden which is required of the party resisting the subpoena. KinectUs LLC v. Bumble Trading LLC, No. CV 21-MC-91665-ADB, 2021 WL 6066539, at *2 (D. Mass. Dec. 22, 2021) ("The party resisting discovery bears the burden of showing that the subpoena imposes an undue burden, and it cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance.") Instead BSU posits that it would be burdensome to "produce potentially thousands of pages of documents." See Dkt. 146 at 5. This assertion is baseless as the requested documents are at most two positions at BSU, meaning two job postings, and applications for those positions which would be minimal.

Finally, BSU argues that the Plaintiff's subpoena is untimely under Rule 34, but ignores that "[a] shorter or longer time may … be ordered by the court." Fed. R. Civ. P. 34. Indeed, "the breadth of [this Court's] discretion in managing pre-trial mechanics and

discovery is very great." Fusco v. Gen. Motors Corp., 11 F.3d 259, 267 (1st Cir. 1993). As the Court is aware BSU has attempted to prohibit the Plaintiff from obtaining evidence to litigate her claim throughout this proceeding. When the Plaintiff represented herself *pro se* BSU withheld thousands of documents that had been initially requested. Once undersigned counsel began representing the Plaintiff they requested that BSU reopen discovery—which as BSU has noted in its motion it opposed forcing the Plaintiff to seek this Court's assistance. See Dkt. 146 at 2. Following the reopening of discovery Plaintiff identified severe deficiencies in BSU's initial production which culminated in the production of 2,361 documents. Id. The Plaintiff requested that BSU's counsel accept service on February 2, 2022, which they refused while accepting service for other employees of BSU to testify. Exhibit A. This forced the Plaintiff to serve the subpoena which was done on February 3, 2022. As this refusal of BSU to accept service is just another attempt to conceal evidence this Court should order that twenty-eight calendar days is more than enough time for BSU to produce the documents subpoenaed—which if the documents were requested during discovery BSU would only have had thirty days to produce.

      As such the Court should deny BSU's motion to quash in the unlikely instance it denies the Plaintiff's motion in limine to exclude evidence of Jocelyn Frawley's subsequent roles at BSU.

                                  BRENDA TAITE,
                                  By her Attorneys,

                                /s/ Harold Lichten
                                Harold Lichten BBO #
                                549689

Matthew Patton, BBO #703798
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street
Suite 2000 Boston, MA 02116
Tel.: (617) 994-5800
Fax: (617) 994-5801
Email: hlichten@llrlaw.com,
mpatton@llrlaw.com,

Date: February 11, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by ECF as well as by electronic mail this 11th day of February 2022, upon all counsel of record.

/s/ Harold Lichten
Harold Lichten